**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA** and
**INTERNAL REVENUE SERVICE**,

    Petitioners,

vs.                                                                                            Misc. No. **06-24 MCA**

**ROBIN CARMAN**,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Robin Carman's *Motion to Void Judgement [sic] for Fraud, and for Want of Standing, Venue, and Jurisdiction in the Particulars* [Doc. 10], filed November 13, 2006, which the Court construes as a motion for reconsideration of its November 1, 2006 *Order* [Doc. 9] granting the United States' and Internal Revenue Service's ("IRS") *Application for Order to Show Cause for Failure to Obey Summons* [Doc. 1] and denying Carman's *Motion to Dismiss* [Doc. 5]. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). Having considered the parties' submissions and the relevant law, the Court concludes that this motion is frivolous and must be denied.

    The relevant facts in this case are undisputed. For a number of years, Robert and Robin Carman, who are New Mexico residents, have either failed to file federal income tax returns or have filed nonsubstantive returns stating they received zero income, together with a statement asserting that "reporting of their earnings as 'wages,' and [] any taxes withheld from their earnings, was done so in error, as they received no earnings that fell within the narrow legal scope of the term 'wages'

as defined in Section 3401 of the IRC." Carman Reply at 7 [Doc. 23]. Filing these types of "purported returns" does not satisfy the requirement to file a substantive 1040 return.[1] This practice is a common tax-denier technique, and the Carmans regularly employ arguments and misquotes apparently obtained from published tax-protester materials in their briefs.[2] They contend they are

---

[1] Income tax returns are frivolous under 26 U.S.C. § 6702 if there is: (i) a purported return; (ii) a failure to provide information upon which the IRS can judge the return's substantial correctness; and (iii) a frivolous position or desire to impede tax administration. *See Bradley v. United States*, 817 F.2d 1400, 1402 (9th Cir. 1987) (noting that § 6702 "was enacted in order to curb the proliferation of protest returns received by the IRS"); *Davis v. United States Gov't*, 742 F.2d 171, 173 (5th Cir. 1984) (per curiam) (upholding sanction for filing frivolous return, *inter alia*, because of the "frivolous contention that they could not be taxed on their wages"). The Tenth Circuit has held that, when an individual files a purported return that does not give enough information to compute tax liability and the return is merely "a pretext which was no more than a formality, it is tantamount to no filing at all." *United States v. Brown*, 600 F.2d 248, 251 (10th Cir. 1979); *see United States v. Moore*, 627 F.2d 830, 835 (7th Cir. 1980) (holding that "it is not enough for a [1040] form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code. . . . In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information."); *United States v. Mosel*, 738 F.2d 157, 158-59 (6th Cir. 1984) (per curiam) (holding that income-tax return containing zeroes in the spaces intended to show income and other financial information "might reasonably be considered a protest, but under no circumstances can it be rationally considered as a return").

[2] For example, submitting a return with zeros in the reported-income section and attaching a statement asserting a belief that "no section of the Internal Revenue Code ... [e]stablishes an income tax liability" or "provides that income taxes have to be paid on the basis of a return" or includes "wages or salaries or compensation for personal services" as income is exactly the same tactic rejected by the Tenth Circuit in *Rosson v. United States*, 127 Fed. Appx. 398, 399 (10th Cir. 2005). Like the Carmans, the Rossons insisted that they were not tax protesters, but "that their previous compliance with the Internal Revenue Code was based upon" wrong information and, after "stud[ying] the vast amount of information available," they had come to the conclusion that they did not have any "'income' tax liability." *Id*.; *see Rosson's Brief* at *1, found at 2004 WL 3556440. Both the Rossons and the Carmans submitted to the Courts identical purported "quotes" from *Lucas v. Earl*, 281 U.S. 111 (1930), in support of their positions regarding income. *See Rosson's Brief*, 2004 WL 3556440 at *1; Carman's *Memorandum of Law and Affidavit of Truth* at 4 [Doc. 6]. According to the Rossons and the Carmans, *Lucas* "unambiguously" states:

> The Claim that salaries, wages, and compensation for personal services are to be taxed as an entirety and therefore must be returned by the individual who has performed the services which produced the gain is without support either in the

"NOT 'taxpayers'" and that they have "given 'Notice to the World' of their status as private-sector Citizens of ONE-OF the *United States of America*, i.e., sovereign Citizens of New Mexico State" and that they are "**not** federal 'US citizens,' or "US Individuals' . . . that would make them subjects of the federal/territorial/legislative 'United States' or its laws, codes, etc." *Id.* at 5.  The Carmans contend that they are "nonresident aliens" who reside "without the United States" based on their erroneous and long-rejected assertion that federal law and jurisdiction extends only to residents of the District of Columbia, United States territorial possessions and ceded territories.  This argument, of course, is a "hackneyed tax protester refrain" that "defies credulity." *United States v. Collins*, 920

---

language of the Act or in the decisions of the courts construing it.  Not only this, but it is directly opposed to provisions of the Act and to regulations of the U.S. Treasury Dept. which either prescribe it or permit that compensation for personal services be not taxed as an entirety and not be returned by the individual performing the services.  It is to be noted that by the language of the Act it is not salaries, wages, or compensation for personal services that are to be included in gross income.  That which is to be included is gains, profits and income derived from salaries, wages or compensation for personal service.

*Id.*  But that is not a quote from *Lucas* or any other court opinion, and *Lucas* holds just the opposite.  In *Lucas*, the Supreme Court noted that, "[t]he Revenue Act of 1918 . . . imposes a tax upon the net income of every individual including 'income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid.'" 281 U.S. at 114 (asterisks in original).  The Court stated that "[t]here is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skilfully devised to prevent the salary when paid from vesting even for a second in the man who earned it," and held that the whole salary of the individual was subject to federal income tax.  *Id.* at 114-15.  Carman and Rosson must both have obtained their purported "quote" from published tax protester rhetoric because the Court has found at least eight briefs filed in the federal courts making the same arguments and misrepresenting the same purported "quote" from *Lucas*.  *See, e.g., Emmanuel Erin's Answer Brief*, 1998 WL 34091758 (making same arguments regarding definition of income and alleged "nonresident alien" status as the Rossons and Carmans, which were rejected in *Erin v. I.R.S.*, 165 F.2d 13 (2d Cir. 1998)); *William A. Shipley's Brief in Shipley v. I.R.S.*, 2005 WL 5487975 at *7, **21-22 (making same arguments as the Carmans regarding allegations that the IRS originated in Puerto Rico and federal taxing authority applies "only in the District of Columbia, the territories and possessions of the United States,"and that enforcement regulations apply only to matters involving the ATF agency).

3

F.2d 619, 629 (10th Cir. 1990).  For over eighty years, the Supreme Court has recognized that the Sixteenth Amendment "authorizes a direct, nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves."  *Id.*; *Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 12-19 (1916).

The Carmans have steadfastly refused to give any financial information to the IRS so that it may determine both their ability to pay back taxes and so that it may assess taxes.  On November 1, 2006, the Court granted the United States' and the IRS's *Application for Order to Show Cause for Failure to Obey Summons.  See* R. Doc. 9.  The Court ordered Robin Carman to provide the information requested in two summonses by no later than November 20, 2006.  *See id.* at 1-2.  The Court also rejected the frivolous arguments raised in Carman's *Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Improper Venue,, Failure to Join an Indispensable Party, and Failure to State a Claim Upon Which Relief can be Granted*, and specifically held that "personal and subject matter jurisdiction over this action is not lacking."  Doc. 9 at 1.  Carman has thus far refused to comply with the Court's order.  *See Notice of Noncompliance with Court Order* [Doc. 11].

Although Carman originally acknowledged that this Court is convened under Article III of the United States Constitution, she argued in her motion to dismiss that the IRS summonses were unlawful because: (1) Carman had received no "delegation of authority" from the Secretary under 26 U.S.C. § 7401; (2) Carman's duty to perform under the federal tax laws is "100% voluntary;" (3) Title 26 has never been enacted as positive law; (4) Carman has "no dealings in alcohol, tobacco, or firearms;" (5) 1040 forms and collection documents are "bootleg" documents because they have no OMB number; and (6) Carman is entitled to a "complete defense" under 44 U.S.C. § 3512 of the Paperwork Reduction Act ("PRA") because the summonses have no valid control number.  Doc. 5

4

at 1-4. Carman also asserted that the Court lacked subject matter jurisdiction because the IRS had not established the "existence of a contract," and frivolously contended that the Court lacked personal jurisdiction over her because the "United States of America does not exist in any capacity to file suit." *Id.* at 4-5. She baldly and erroneously opined that the IRS is only an alias for "trust #62, domiciled in Puerto Rico," and contended that requiring her to show her books and records to the IRS could violate her Fifth Amendment right against self-incrimination. *See id.* at 6-7. She stated that unnamed statutes were "void for vagueness," while admitting that she has not been charged with any crime. *See id.* at 7-9. Carman claimed to be domiciled "without the United States" and invoked "sovereign immunity" against being compelled to obey the IRS summonses. *See id.* at 9-12. Carman speciously contended that the District Court of the United States and the United States District Court are not the same court, and that the United States District Court is not a "true" federal court, citing *Balzac v. Porto Rico*, 258 U.S. 298 (1922)[3]. *See id.* Carman also claimed that her husband, Robert Carman, was an "indispensable party" who would be unfairly compromised and prejudiced if only Mrs. Carman were required to respond to the summonses. Doc. 5 at 13. And she obsequiously contended that she and her husband were "'non-taxpayers' by birth and under the law," and that the Anti-Injunction Act applies only to taxpayers. *Id.* at 14. Finally,

---

[3] Carman's citation to *Balzac* and her misinterpretation of a single sentence contained therein, but taken totally out of context, is just one of many examples of her efforts to misconstrue or mis-state case law. In *Balzac*, the United States Supreme Court explained that the "United States District Court *of Porto Rico*" was not the same as an Article III federal court in the United States because Puerto Rico was only a territory belonging to the United States, and not a state that had been "incorporated into the Union." 258 U.S. at 313-14 (emphasis added). New Mexico, in contrast, has been a state incorporated into the Union, and not a territory, since 1910, *see* The New Mexico-Arizona Enabling Act, 36 Stat. 557 (an Act enabling "the people of New Mexico to form a constitution and state government and be admitted into the Union on an equal footing with the original States"), and this Court, therefore, has all of the power and authority of an Article III court whether it is called a United States District Court (which Carman abbreviates as "USDC") or a District Court of the United States (which she abbreviates as the "DCUS").

Carman contended, without citing legal authority, that the IRS has a duty to rebut her frivolous challenges to its authority and jurisdiction and to rebut her claim that she is a "non-taxpayer," beyond what it has already done. *See id.* at 15.

In her motion to void the Court's judgment, Carman repeats most of her former frivolous arguments, but now insists that the Court is not an Article III court. *See* Doc. 10 at 1-9. She contends that: (1) the Court is merely an Article IV Court, like the United States District Court for Puerto Rico in *Balzac,* and without jurisdiction over her or the proceedings; (2) the Court failed to read her previous filings or "chose to act as though they did not exist," *id.* at 4; (3) the statutes authorizing the IRS summonses have never been enacted; (4) if the statutes were enacted, they are controlled by ATF codes and law, and do not apply to the Carmans because they are not involved in alcohol, tobacco, or firearms; (5) statutes levying taxes must be strictly construed against the government and failure to do so is fraud; (6) the Court's alleged "usurpation of venue, standing and jurisdiction" because it is allegedly only a "territorial tribunal" is a travesty of justice, making a mockery of her "good faith reliance" upon United States Supreme Court decisions, *id.* at 6; (7) threats of incarceration were the only reason Carman and her husband "did not walk out of the courtroom once the USDC (and not the DCUS) forum was announced by the person calling the courtroom to order," *id.* at 7; (8) the IRS's failure to respond to her "notice and demand for proof of power, standing and jurisdiction" is fraud and all testimony in this case is fraud because, by its silence, the IRS has admitted it has no power or statutory authority over the Carmans, *id.* at 7-8; and (9) the Carmans were "treated as irrelevant rabble and serfs and as frivolous 'tax protesters' unworthy of the attention and time of the court," demonstrating fraud and an "extreme bias in favor of the IRS," *id.* at 8, 9.

Although the Carmans insist that they are not tax protesters and that their belief that they are

6

not subject to the tax code comes from independently reading and studying the relevant statutes and Supreme-Court case law, as mentioned above, their arguments mirror and use the same distinct terminology as those made by well-known professional tax protesters, who have published their books and other works in hard copy and via the internet, and whose arguments have been rejected again and again[4].

For example, in *C.I.R. v. Roth*, 64 T.C.M. (CCH) 872 (1992), 1992 WL 233008, the Tax Court noted that Irwin Schiff, "a tax protester who had been convicted for failing to comply with the Federal tax system" wrote a book titled "How Anyone Can Stop Paying Income Tax" in 1982 that advised individuals to stop paying income tax because the tax system "was voluntary" and that the IRS cannot collect taxes when "no 1040 income tax contract has been filed." 1992 WL 233008 at *2-*3.  Schiff's modus operandi, which the Carmans apparently adopted, was to file "returns reporting zero income and zero tax due, and requesting refunds for the amounts withheld by his employers from his wages.  On each return, he also included a statement contending that his income was not taxable." *United States v. Schiff*, 175 Fed. Appx. 800 (9th Cir. 2006), 2006 WL 895906 at **1[5].  Included within the "tax protester" arguments that the defendant in *Roth* repeated, like the

---

[4] The Carmans attached to certain of their filings an article written by Paul A. Mitchell (a/k/a Mitchell Modeleski) and regurgitate terms and analyses presented in other of his writings published on the internet, such as his theory that federal tax law is only "municipal law," the concept of a state citizen being a "non-resident alien," his crooked and erroneous interpretation of *Brushaber* and *Balzac*, his erroneous distinction between the "USDC" and the "DCUS," his theory that the IRS is a "trust domiciled in Puerto Rico," and his claim that taxpayers are caught in an "Alice in Wonderland" existence.  Paul A. Mitchell, *31 Questions and Answers About the IRS* (Rev. 3.4) found at http://www.supremelaw.org.

[5] A history of Schiff's unsuccessful opposition to federal income tax laws may be found in *Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990); *United States v. Schiff*, 801 F.2d 108 (2d Cir. 1986); *Newman v. Schiff*, 778 F.2d 460 (8th Cir. 1985); *Schiff v. Commissioner*, 751 F.2d 116 (2d Cir. 1984); and *United States v. Schiff*, 647 F.2d 163 (2d Cir.1981).  As the Ninth Circuit most recently noted,

Carmans repeat in their motions and other filings, are the long-rejected arguments that "IRS forms did not conform to the requirements of the Paperwork Reduction Act of 1980, Pub.L. 96-511, 94 Stat. 2812, and as a result were invalid. . . . [and] that Federal income tax return forms "are 'bootleg' forms and may be ignored by the public without penalty." *Roth*, 1992 WL 233008 at *3.

The practice of filing a federal tax return showing "zero income and zero tax liability" has also been promoted by Thurston Paul Bell, who

> is a professional tax protester who ran a business and a website selling bogus strategies to clients endeavoring to avoid paying taxes. In the 1980s, he worked for Save-A-Patriot, an entity dedicated to the proposition that "American citizens are not liable for the income tax." Bell later started his own organization, Tax-gate, and a website, www.tax-gate.com, where he drafted letters and pleadings to the Internal Revenue Service and state tax agencies on behalf of clients. Bell charged for advice and services in preparing various tax filings. Bell subsequently founded another group, the National Institute for Taxation Education ("NITE"), and the related website www.nite.org., with the mission of providing "income tax help, solutions and strategies that work for Citizens of the United States to legally declare their gross income to be Zero."

*United States v. Bell*, 414 F.3d 474, 475 (3d Cir. 2005).

Far from ignoring the Carman's frivolous arguments and treating them as unworthy of the Court's time and attention, the Court has carefully researched them and noted their total rejection. In *Lonsdale* the Tenth Circuit commented that,

> the following arguments . . . are completely lacking in legal merit and patently

---

> For over thirty years [Schiff] has maintained that the federal income tax is voluntary, although he has never been successful with that theory in court. With co-defendant Cynthia Nuen, he now operates Freedom Books in Las Vegas, Nevada. . . . Both through the bookstore and through three internet websites, the defendants sell various tax packages that purport to teach the buyer how to "legally" stop paying federal income taxes. The book at issue in this injunction, *The Federal Mafia: How the Government Illegally Imposes and Unlawfully Collects Income Taxes*, is sold individually and as part of tax-avoidance packages.

*United States v. Schiff*, 379 F.3d 621, 623-24 (9th Cir. 2004).

> frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759, *modified*, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; . . . (10) the Anti-Injunction Act is invalid . . . [; (11)] the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and [(12)] tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). Other of the Carmans' arguments have been rejected in *United States v. Brown*, 600 F.2d at 252 (stating that "the claim of [5th Amendment] privilege is not allowed to accomplish avoiding the disclosure of information as to tax liability"); *Cox v. C.I.R.*, No. 95-9025, 99 F.3d 1149, 1996 WL 621958 at *1 (10th Cir. Oct. 28, 1996) (rejecting argument that "the federal government has jurisdiction only where it has established ownership of the identified property and has produced documentation that the state ceded the property to the federal government waiving all jurisdiction over it" and noting that "[a]ll citizens of the United States are liable for income taxes and every person born in the United States is a citizen of the United States"); *United States v. Pargeter*, No. 87-3574, 851 F.2d 36, 1988 WL 69803 at *2-*3 (9th Cir. Jun. 22, 1988) (rejecting arguments that (1) the district court and the IRS improperly asserted jurisdiction because the individual was a "non-taxpayer"; (2) the IRS's summons violated the individual's Fourth Amendment right to be free from unreasonable searches and seizures, and

9

his Fifth Amendment right against self-incrimination; (3) the IRS used an unauthorized attorney; and (4) the judge was biased against tax protesters); *United States v. Hibben*, No. Civ. A. 04-MC-87-JMH, 2005 WL 1208861 at *2 (E. D. Ky. Feb.16, 2005) (noting that every court faced with the issue has rejected the argument that ATF regulations govern the issuance of IRS administrative summons, and citing cases); *McCart v. C.I.R.*, 65 T.C.M. (CCH) 2115 (1993), 1993 WL 81426 at *3 (noting that arguments like the Carmans' concerning the Paperwork Reduction Act are "shopworn tax-protester arguments" that have "been repeatedly heard and rejected by . . . numerous Federal District Courts and at least eight Courts of Appeals"). And the Tenth Circuit has long rejected as "poppycock" the "elaborate, albeit misguided, argument challenging the jurisdiction of the district court, claiming a 'United States District Court' is different in kind from the 'district courts of the United States.'" *Smith v. Rubin*, No. 97-1242, 141 F.3d 1185, 1998 WL 99019 at *4 (10th Cir. Mar. 9, 1998). Instead of continuing to waste valuable Court time and resources by again explaining why their rhetoric is simply wrong-headed and legally frivolous, the Court encourages the Carmans to read Daniel B. Evans, *The Tax Protester FAQs*, found at http://evans-legal.com/dan/tpfaq.html; the IRS publication entitled *The Truth About Frivolous Tax Arguments*, found at http://www.irs.gov/taxpros/article/0,,id=159853,00.html, and Danshera Cords, *Tax Protestors and Penalties: Ensuring Perceived Fairness and Mitigating Systemic Costs*, 2005 BYU L. Rev. 1515 (2005).

Carman has stated no good reason why the Court should reconsider its order enforcing the IRS Summons, and her motion will be denied.

The Carmans boast that the IRS has been attempting to obtain information, assess, and collect upon taxes it contends the Carmans owe for over ten years, to no avail. *See* Doc. 3 n.1. As the Seventh Circuit has noted,

> Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. "Tax protesters" have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment is unconstitutional, and so on. These beliefs all lead – so tax protesters think – to the elimination of their obligation to pay taxes. The government may not prohibit the holding of these beliefs, but it may penalize people who act on them.
>
> It is an important function of the legal system to induce compliance with rules that a minority firmly believes are misguided. Legal penalties change the balance of self-interest; those who believe taxes wicked or unauthorized must nonetheless pay. When the legal system depends on honest compliance as much as the income tax system does – and when disobedience is potentially rewarding to those affected by the rule – it is often necessary to impose steep penalties on those who refuse to comply.

*Coleman v. C.I.R.*, 791 F.2d 68, 69 (7th Cir. 1986); *see Ambort v. United States*, 392 F.3d 1138, 1139 (10th Cir. 2004) (noting that individual who conducted seminars instructing attendees that they could claim not to be residents of the United States and therefore be exempt from paying income taxes had been convicted of assisting in the preparation of false returns). An individual who continues to make frivolous arguments in an attempt to evade or thwart tax-collection efforts is subject to monetary sanctions. *See* Fed.R.Civ.P. 11(b)(2) (authorizing the district courts to award sanctions against a party who files a pleading, motion or other paper that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"); *Smith v. C.I.R.*, 160 Fed. Appx. 666, 670 (10th Cir. 2005) (imposing $6,000 in sanctions against tax protester for "blatant waste of judicial time and resources"); *LeDoux v. C.I.R.*, 102 Fed. Appx. 641, 643 (10th Cir. 2004) (noting that § 6673 of the Internal Revenue Code "authorizes the Tax Court to impose a penalty not to exceed $25,000 on a taxpayer when it appears that he or she instituted a proceeding primarily for delay" or when the protester's "position in such proceeding is frivolous or groundless;" holding that protester's "primary arguments in this matter – that IRS employees may not enforce tax laws, and that [the protester] is not subject to income tax

11

– are completely lacking in merit;" and affirming $5,000 sanction against tax protester); *Lonsdale*, 919 F.2d at 1448 (imposing sanctions, including awarding double costs, against tax protester who raised frivolous arguments in his complaint filed in district court); *Casper v. C.I.R.*, 805 F.2d 902, 905-06 (10th Cir. 1986) (affirming Tax Court's award against protester of $5,000 for filing and maintaining a factually groundless and legally frivolous complaint and imposing additional sanction of $1,500 for filing frivolous appeal). The Carmans are warned that the further filing of frivolous documents and pleadings will be sanctioned.

**IT IS ORDERED** that the *Motion to Void Judgement [sic] for Fraud* [Doc. 10] is **DENIED**.

**SO ORDERED** this 9th day of November, 2007 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**